**[J-79-2020][M.O. - Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| LAMAR ADVANTAGE GP COMPANY, LLC, | : | No. 5 WAP 2020 |
| | : | |
| | : | Appeal from the Order of the |
| Appellee | : | Commonwealth Court entered 8/29/19 |
| | : | at No. 253 CD 2018, affirming the |
| | : | order of the Court of Common Pleas of |
| v. | : | Allegheny County entered 1/24/18 at |
| | : | No. SA 17-000201 |
| | : | |
| CITY OF PITTSBURGH ZONING BOARD | : | |
| OF ADJUSTMENT AND CITY OF | : | |
| PITTSBURGH, | : | |
| | : | |
| Appellants | : | ARGUED:  September 17, 2020 |

*DISSENTING OPINION*

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  JANUARY 20, 2021**

The majority disposition ultimately appears to turn on the view that the issue presented was framed improvidently by Appellants, given their premise that a factually distinguishable case is controlling.  *See* Majority Opinion, *slip op.* at 12-15 (discussing *Lamar Advert. Co. v. Zoning Hearing Bd. of Monroeville*, 939 A.2d 994 (Pa. Cmwlth. 2007) ("*Monroeville*")). To me, however, the substantive question presented by the case -- that is, whether Lamar's use of its billboard violated Section 921.03.F.2 of the Pittsburgh Zoning Code (the "Code") -- is the matter that is worthy of this Court's review.  Otherwise, our treatment devolves to an essential waiver disposition that fails to clarify the import of the controlling land-use regulations.  And, because I find *Monroeville* to be relevant,

though not controlling,[1] I do not regard it as unfair or imprudent to proceed with the substantive review.[2]

The pertinent provision of the Code under which Appellee was cited expressly forbids replacement of nonconforming signs with "another nonconforming sign[.]" PITTSBURGH ZONING CODE §921.03.F. The exception, which has no relevance here, is that substitution or interchange of poster panels and painted boards on nonconforming signs is permitted. *See id.*

Under the Code, electronic signs are a discrete type of sign, subject to a panoply of particularized regulations. *See* §919.01.C(5) (defining "Electronic Sign" independently from "Advertising Sign"); *id.* §919.02.C (prescribing a series of regulations for Electronic Advertising Signs). Consistent with *Monroeville*, Appellee doesn't dispute that conversion from a static advertising sign to an electronic one would entail substitution with "another nonconforming sign"; rather, it suggests that the converse should not hold true.

Although there is some visceral appeal to this position, given that electronic signs will generally have the more intrusive presence, the Code's explicit designation of

---

[1] Of course, since this Court is the one of last resort, decisions of the intermediate courts by their nature do not generally control in our review, albeit that sometimes, where an intermediate court's decision remains unchallenged, the Court will enforce it as the presently controlling precedent as determined by the highest court to have considered the issue.

[2] Notably, in a discrete section of its brief, Appellee contends that certain of Appellants' arguments are outside the scope of the allocatur grant. *See* Brief for Appellee at 36-39. However, in that section, Appellee does not set forth any claim that this Court shouldn't review its compliance with the Code provision under which it was cited. Indeed, Appellee's argument that its placement of the vinyl sign on the Mount Washington billboard is in compliance with that provision of the Code is separately presented in direct response to Appellants' specific arguments on the point. *See id.* at 28-29.

electronic signs as categorically distinct is wholly dispositive, in my view.[3]  Indeed, as the Zoning Board of Adjustment aptly explained, other provisions of the Code also turn on this precise difference.  *See id.* at §919.02.N.6 ("An electronic advertising sign shall not replace an advertising sign, and an advertising sign shall not replace an electronic advertising sign, unless the replacement sign meets all of the requirements of Sec. 919 for a new sign.").[4]

Furthermore, I find any suggestion that the electronic sign was not "replaced" because it remained in place behind the vinyl sign to be unmeritorious.  Relative to signs, the Code is clearly directed, in large part, to the regulation of visual impacts.  *See, e.g.*, PITTSBURGH ZONING CODE §919.01.A (delineating, among the purposes of sign regulation, the recognition of effect on the City's community appearance, open and green spaces, and unique views and vistas).  It therefore seems evident to me that "replacement" should be adjudged according to that which is put into view.[5]

---

[3] Nonconforming uses enjoy a protected status under the law in light of constitutional concerns, but they are not favored, since they are inconsistent with the prevailing land-use planning.  *See Hanna v. Bd. of Adjustment of Borough of Forest Hills*, 408 Pa. 306, 312-13, 183 A.2d 539, 543 (1962).  This explains the close and continuous conformity often required by local governments to retain the grandfathered treatment.  *See id.* ("Nonconforming uses, inconsistent with a basic purpose of zoning, represent conditions which should be reduced to conformity as speedily as is compatible with the law and the Constitution.").

[4] While the majority criticizes the Zoning Board of Adjustment for discussing provisions of the Code extrinsic to the citation in issue, these provisions further illuminate the Code's material distinction, in that electronic and static signs simply are not interchangeable.  *See generally Fidler v. Zoning Bd. of Adjustment of Upper Macungie Twp.*, 408 Pa. 260, 267, 182 A.2d 692, 695 (1962) (citations omitted) (explaining that zoning ordinances must be read to give effect to all of their provisions).

[5] That said, the issue of whether Appellee abandoned the electronic sign seems to me to depend on a range of additional factors that are beyond the scope of the present review, including the assertedly temporary nature of the change, given the protracted review of

In summary, I agree with Appellants and the Zoning Board of Adjustment that, when Appellee replaced its nonconforming electronic sign with a nonconforming static sign, it unlawfully substituted "another nonconforming sign." Accordingly, I would reverse and remand for consideration of Appellee's constitutional arguments, *see Lamar Advantage GP Co. v. City of Pittsburgh ZBA*, No. 253 C.D. 2018, *slip op.* at 10 n.11, 2019 WL 4120737, at *5 n.11 (Pa. Cmwlth. Aug. 29, 2019), as well as any others that are raised and preserved but have not yet been considered in the appeal proceedings.

Justices Dougherty and Mundy join this dissenting opinion.

---

Appellee's application for approval of improvements to the electronic sign, and the fact that Appellee's legal position relative to the lawfulness of the vinyl sign is at least colorable.